IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,      )
                               )
                  Plaintiff    )
                               )
      vs.                      )          No. CR-01-03-C
                               )          CIV-20-606-C
TIMOTHY SCOTT WALDROP,         )
                               )
                  Defendant    )

<u>MEMORANDUM OPINION AND ORDER</u>

Defendant has filed a Motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence.   In his Motion, Defendant argues his guilty plea should be set aside.   According to Defendant, the multi-count Indictment charged him with, among other things, violation of 18 U.S.C. § 922(g).   Relying on <u>Rehaif v. United States</u>, --- U.S. ---, 139 S.Ct. 2191 (2019), Defendant argues the § 922(g) charge was invalid as it failed to apprise him of all the elements of the crime, rendering his guilty plea unknowing and involuntary.

As Plaintiff sets forth in its response, the fatal flaw in Defendant's argument is that he did not plead guilty to the § 922(g) charge.   Rather, Defendant pleaded guilty only to Count 6, possessing pseudoephedrine with the intent to manufacture methamphetamine, and Count 7, possessing a firearm during and in relation to a drug trafficking crime. Because § 922(g) did not factor into Defendant's sentence, he is not entitled to relief under § 2255.

As Plaintiff notes, even if § 922(g) were somehow found to have played a role in Defendant's guilty plea, he is still not entitled to relief.   Defendant failed to raise the issue on direct appeal and therefore it is procedurally defaulted.   See Bousley v. United States, 523 U.S. 614, 622 (1998).   As Defendant cannot overcome the procedural default by demonstrating either cause and prejudice or actual innocence, his claim for relief must fail.

Because a decision can be made on the basis of the record before the Court, no evidentiary hearing is necessary.

For the reasons set forth herein, Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. Nos. 52, 1) is denied.   A separate judgment will issue.   Defendant's Motion to Appoint Counsel (Dkt. No. 55) is DENIED.

IT IS SO ORDERED this 5th day of August, 2020.


ROBIN J. CAUTHRON
United States District Judge